**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
CIVIL MINUTES - GENERAL

**Case No.  EDCV 15-02352 FMO (AJW)**                                                      **Date: July 6, 2016**

**Title:  Gerone Thompson v. Nat'l Community Renaissance of Cal., et al.**
===============================================

PRESENT:                     **HON.    ANDREW J. WISTRICH, MAGISTRATE JUDGE**

|  Kerri Hays  | |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:              ATTORNEYS PRESENT FOR DEFENDANTS:
             None Present                                                                          None Present

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE RE DISMISSAL**

**For the reasons described below, plaintiff is ordered to show cause, if any there be, for his failure to comply with the Case Management Order ("CMO") by filing a declaration under penalty of perjury, with supporting exhibits if needed, no later than July 21, 2016.**

**Plaintiff is cautioned that failure to respond to this order within the time allowed, or failure to show good cause as described in this order, may lead to the dismissal of this action with prejudice. See Fed. R. Civ. P. 41(b)**.

Plaintiff, proceeding pro se and in forma pauperis, filed his complaint on November 16, 2015.  After defendants filed an answer, the CMO was issued.  Among other things, the CMO directed the parties to file status reports on June 13, 2016 containing the following information:

> (a) a summary of the proceedings to date and a statement of the principal issues raised by the case; (b) a statement as to whether all parties have been served, and if not, a proposed deadline by which service will be completed; (c) a statement as to whether other parties will be added or amended pleadings will be filed, and if so, a proposed deadline by which those steps will be taken; (d) a description of any discovery completed, and a schedule for any future discovery; (e) a list of contemplated motions, if any, along with proposed dates for the filing and hearing of such motions; (f) an estimate of the time likely to be required for trial, and a statement as to whether trial by jury is desired and has been properly requested; (g) a description of any settlement negotiations that have occurred, and a recommendation as to the form of settlement conference or other method of alternative dispute resolution that would be most appropriate given the nature of this case; and (h) any suggestions the parties may wish to make regarding the management of this action.

[Dkt. No. 15 at 4-5].

Plaintiff filed an "affidavit in support of status report" on June 13, 2016 that did not comply with the CMO and did not contain the information that he was ordered to provide in his status report.  Instead, plaintiff stated that he had been arrested due to complaints he contends were made or instigated by defendant Kimberly Marrison, incarcerated, and tried on criminal charges that eventually were dismissed.  Plaintiff states that he was unable to participate in this case while incarcerated and that he was "wrongfully evicted" from his apartment.  He requests a dismissal of this action without prejudice to allow him "time to recover and to find an Attorney to properly prosecute [his] claims against

Defendants." [Dkt. No. 17 at 2].

Plaintiff cannot voluntarily dismiss this action absent either a stipulation signed by all parties or a court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)-(2). A court may dismiss an action involuntarily for failure to comply with a court order or court rule, or for lack of prosecution. See Fed. R. Civ. P. 41(b).

Incarceration does not absolve plaintiff of his responsibility to diligently prosecute this action. See Collins v. Pitchess, 641 F.2d 740, 742 (9th Cir. 1981) ("Every plaintiff in federal court has a responsibility to prosecute his action diligently. Failure to do so may permit the district court to dismiss. Incarceration does not absolve a plaintiff of this responsibility."). Furthermore, even though plaintiff was released from custody before the deadline for filing his status report and was able to timely file his affidavit, he made no attempt to comply with the CMO's requirements regarding a status report, to contact defendants regarding the filing of a joint status report as contemplated by the CMO, or to request an extension of time to file a status report that complied with the CMO. Plaintiff's unexcused failure to comply with the CMO warrants issuance of this order to show cause.

**IT IS SO ORDERED.**
cc:     Parties